**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Ronald S. Nelsen, | ) | No. CV-12-2194-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Carolyn W. Colvin, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Before the court is plaintiff's opening brief (doc. 13), defendant's answering brief (doc. 14), and plaintiff's reply brief (doc. 15). We also have before us the administrative record and the decision of the Administrative Law Judge (ALJ) concluding that plaintiff is not disabled as that term is defined in the Social Security Act, and is therefore not eligible for supplemental security income.

Plaintiff argues on appeal that the ALJ erred by 1) by rejecting his subjective complaints of disabling symptoms; and 2) by discounting the opinion of his treating physician.

**I.**

Plaintiff first contends that the ALJ erred in discounting his subjective complaints of disabling symptoms. When there is no evidence of malingering, an ALJ can reject the claimant's testimony about the severity of his symptoms by giving "specific, clear and convincing reasons for the rejection." Chaudhry v. Astrue, 688 F.3d 661, 670-71 (9th Cir.

1   2012). Here, the ALJ concluded that plaintiff's subjective complaints were not fully credible
2   given his daily activities, his poor work history, the lack of objective medical evidence, and
3   inconsistencies in the plaintiff's own statements.

4   Although plaintiff alleged that he is only comfortable in the supine position, the ALJ
5   noted that plaintiff walks 1/2 mile a day, handles his own self-care, performs household
6   chores, cooks, grocery shops, plays with his dog, and gardens on his patio. Tr. 28, 55, 401,
7   555. The ALJ also noted that the plaintiff's poor work history does not demonstrate a strong
8   motivation to work and therefore also detracts from his credibility. Tr. 28; Thomas v.
9   Barnhart, 278 F.3d 948, 959 (9th Cir. 2002) (holding that claimant's poor work history
10  reflects poorly on his credibility).

11  Finally, the ALJ noted that inconsistencies in plaintiff's own statements detract from
12  his credibility. Although plaintiff told Dr. Datta that he had injured his back in a March 2008
13  car accident, he did not mention back problems to Dr. Davis in May 2008, and he did not
14  seek treatment for his back until June 27, 2008. Moreover, plaintiff regularly reported that
15  his pain level was a 5 on a 1 to 10 scale, which is inconsistent with reports of disabling pain.
16  We conclude that these reasons are sufficiently clear and convincing to support the ALJ's
17  decision to discount plaintiff's subjective complaints.

**II.**

19  Plaintiff also argues that the ALJ erred in discounting the opinion of his treating
20  physician, Dr. Datta. An ALJ must provide "clear and convincing" reasons for rejecting the
21  uncontradicted opinion of a treating physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir.
22  1995) (citation omitted). If the opinion is contradicted, the ALJ may reject that opinion for
23  "specific and legitimate reasons that are supported by substantial evidence in the record."
24  Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (citation
25  omitted). Here, Dr. Datta's opinion was contradicted by the opinion of reviewing physician
26  Dr. Green, who opined that plaintiff is only partially credible and his functional limitations
27  do not preclude full-time work. Tr. 495-502.

28  Plaintiff contends that we cannot consider Dr. Green's contradicting opinion in

determining the appropriate standard of review because the ALJ did not specifically refer to Dr. Green's opinion. We disagree. The relevant standard of review is based on whether the treating physician's opinion is contradicted or not. A contradicted opinion deserves a lesser degree of deference. Dr. Datta's opinion was in fact contradicted, regardless of whether the ALJ referred to the conflicting opinion, and therefore it is entitled to less deference. Accordingly, we will affirm the ALJ's treatment of Dr. Datta's opinion if it is supported by specific and legitimate reasons supported by substantial evidence in the record.

The ALJ found that Dr. Datta's opinion that plaintiff was unable to work is inconsistent with the objective medical evidence, in that there are no objective findings or studies in the record that contradict the residual functional capacity set by the ALJ. The ALJ also discounted Dr. Datta's opinion because it is based largely on plaintiff's subjective complaints, which the ALJ properly discounted. Finally, the ALJ rejected Dr. Datta's opinion because it conflicted with his own treatment notes, which did not document the kind of abnormal findings that would reasonably support a conclusion that plaintiff is unable to work. Instead, Dr. Datta's notes indicate that plaintiff was walking 1/2 mile a day, that his lower extremity strength was 5/5, and that plaintiff frequently reported that his pain level was 5 out of 10. Tr. 602, 605, 655, 531, 652.

Based on these specific and legitimate reasons, we conclude that the ALJ properly discounted the opinion of plaintiff's treating physician.

**III.**

For the foregoing reasons, we conclude that the ALJ's decision that plaintiff is not disabled is supported by substantial evidence in the record. Therefore, **IT IS ORDERED AFFIRMING** the Commissioner's decision to deny benefits.

DATED this 12th day of November, 2013.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge